In the United States District Court
For the District of Columbia

| | |
|---|---|
| HEWLETT-PACKARD COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>Acer, Inc. & Acer America Corp.,<br><br>    Defendants. | Civil Action No. 07-mc-335 (TFH) |

## NOTICE OF TERMINATION OF PROCEEDINGS IN UNITED STATES TRADE COMMISSION INVESTIGATION NO. 337-TA-606 AND MOTION TO CLOSE MISCELLANEOUS ACTION

The above-captioned miscellaneous action was instituted for the purpose of obtaining letters rogatory to collect evidence in United States International Trade Commission Investigation No. 337-TA-606 (the "-606 Investigation"). This Court issued letters rogatory and the same were transmitted to the Taiwanese Courts for service. On June 17, 2008, Administrative Law Judge Paul Luckern issued an Initial Determination terminating the -606 Investigation based on a settlement between Hewlett-Packard Company and Acer, Inc. The public version of ALJ Luckern's Initial Determination is attached to this notice as Attachment A. Accordingly, the need for further action on the letters rogatory is moot. In order to alert the Taiwanese Courts that no further action is required, Hewlett-Packard Company respectfully requests this Court to issue an Order closing the above captioned action.

Dated: July 25, 2008

By: _____
James M. Heintz, Bar No. 2801942
DLA PIPER US LLP
500 8th Street, NW
Washington, DC 20004
Telephone: 202.799.4000
Facsimile: 202.799.5000

Attorneys for Plaintiff
HEWLETT-PACKARD COMPANY

- 2 -

# ATTACHMENT A

PUBLIC VERSION

UNITED STATES INTERNATIONAL TRADE COMMISSION
Washington, D.C.

| | |
|---|---|
| In the Matter of ) | |
| ) | |
| CERTAIN PERSONAL COMPUTERS ) | Investigation No. 337-TA-606 |
| AND DIGITAL DISPLAY DEVICES ) | |
| ) | |

Order No. 31: Initial Determination Terminating The Investigation Based Upon A Settlement Agreement

On June 6, 2008, complainant Hewlett-Packard Company (HP) and respondents Acer, Inc. and Acer America Corporation (Acer) moved to terminate the investigation based upon a Settlement Agreement. (Motion Docket No. 606-63.)

The staff, in a response dated June 16, 2008, supported Motion No. 606-63.

Commission rule 210.21(a)(2) states in pertinent part that "[a]ny party may move at any time for an order to terminate an investigation in whole or in part as to any or all respondents on the basis of a settlement, a licensing or other agreement." In addition, Commission rule 210.21(b) further specifies that in order for an investigation to be terminated on the basis of a settlement, the motion for termination must include (1) copies of the licensing or other settlement agreement, including both a public and a confidential version if necessary, (2) any supplemental agreements, and (3) a statement that there are no other agreements, written or oral, express or implied, between the parties concerning the parties concerning the subject matter of the investigation.

The administrative law judge finds that Motion No. 606-63 complies with Commission rule 210.21. Thus the movants have submitted a public version of the Settlement Agreement in

addition to a confidential version.[1] (Joint Motion, Exhibits A and B.) Motion No. 606-63 also includes a statement indicating that "[n]o other agreements, written or oral, express or implied, exist between the Private Parties [movants] concerning the subject matter of Investigation No. 337-TA-606." (Joint Motion at 1.)

The administrative law judge further finds that the Settlement Agreement provides an acceptable basis upon which to terminate the investigation. In the Settlement Agreement, complainant HP and respondent Acer settles the dispute in this investigation and Inv. No. 337-TA-618 and agree to dismiss three companion district court actions, and two additional district court actions between Acer and third parties without prejudice. (Settlement Agreement at ¶¶ 1.7, 2.1, 2.1.1.) Insofar as the Settlement Agreement pertains to this investigation, the movants{

}

---

[1] The staff noted that a public version of the Settlement Agreement was attached as Exhibit B; that in the staff's view, the public version as originally submitted was so overly redacted that it might not satisfy the requirements of Commission rule 210.21(b)(1); that because of this concern the staff contacted the movants, and the movants represented that they would submit a revised public version; and that the movants filed a revised public version of the Settlement Agreement on June 16, 2008.

2

Commission rule 210.50(b)(2) states that in ruling on a motion to terminate an investigation on the basis of a settlement agreement, the administrative law judge shall consider and make appropriate findings regarding the effect of the proposed termination upon the public interest. In addition, the Administrative Procedure Act indicates that agencies should consider termination of disputes by the parties where "the public interest permit[s]." 5 U.S.C. § 554(c)(1).

Based on the present record, the administrative law judge finds nothing that would indicate that the termination of this investigation based upon the Settlement Agreement would be contrary to (i) the public health and welfare, (ii) competitive conditions in the U.S. economy, (iii) the production of like or directly competitive articles in the United States, or (iv) U.S. consumers. 19 U.S.C. § 1337(d). Accordingly, he finds that termination of this investigation should have no adverse impact on the public interest. Additionally, the public interest favors settlement to avoid unnecessary litigation and to conserve public and private resources. See, e.g., Certain Compact Disc and DVD Holders, Inv. No. 337-TA-482, Order No. 11 at 3 (March 7, 2003); Certain Gel-Filled Wrist Rests and Products Containing Same, Inv. No. 337-TA-456, Order No. 16 at 5 (May 21, 2002). Finally, the public interest favors the protection of valid intellectual property rights. See, e.g., Certain Ink Cartridges and Components Thereof, Inv. No. 337-TA-565, Order No. 28 at 7 (January 16, 2007); see also Certain Recombinantly Produced Hepatitis B Vaccines and Products Containing Same, Inv. No. 337-TA-408, Order No. 7 at 6 (August 17, 1998).

Based on the foregoing Motion No. 606-63 is granted.

This initial determination, pursuant to Commission rule 210.42(c), is hereby CERTIFIED to the Commission. Pursuant to Commission rule 210.42(h)(3), this initial determination shall

3

become the determination of the Commission within thirty (30) days after the date of service hereof unless the Commission grants a petition for review of this initial determination pursuant to Commission rule 210.43, or orders on its own motion a review of the initial determination or certain issues therein pursuant to Commission rule 210.44.

This order will be made public unless a bracketed confidential version is received no later than the close of business on July 3, 2008.

*[signature]*
Paul J. Luckern
Administrative Law Judge

Issued: June 17, 2008

4

**CERTAIN PERSONAL COMPUTERS AND DIGITAL DISPLAY DEVICES**   Investigation No. 337-TA-606

## CERTIFICATE OF SERVICE

I, Marilyn R. Abbott, hereby certify that the attached **Public Version Order** was served by hand upon Commission Investigative Attorney Bryan Moore, Esq., and upon the following parties, via overnight delivery on   JUL 1 0 2008

Marilyn R. Abbott, Secretary
U.S. International Trade Commission
500 E Street, SW - Room 112
Washington, DC 20436

For Complainant Hewlett-Packard Company:

    John Allock, Esq.
    Sean C. Cunningham, Esq.
    **DLA PIPER US LLP**
    401 B Street, Suite 1700
    San Diego, CA 92101-4297

    Andrew P. Valentine, Esq.
    Alan A. Limbach, Esq.
    **DLA PIPER US LLP**
    2000 University Avenue
    East Palo Alto, CA 64303-2248

    James M. Heintz, Esq.
    **DLA PIPER US LLP**
    500 Eight Street, NW
    Washington, DC 20004

**CERTAIN PERSONAL COMPUTERS AND DIGITAL DISPLAY DEVICES**  Investigation No. 337-TA-606

CERTIFICATE OF SERVICE pg. 2

Respondents Acer Incorporated; Acer America Corporation:

James C. Brooks, Esq.
**Orrick, Herrington & Sutcliffe LLP**
777 South Figueroa Street
Suite 3200
Los Angeles, CA   90017-5855

Chris R. Ottenweller, Esq.
Craig R. Kaufman, Esq.
Kai Tseng, Esq.
**Orrick, Herrington & Sutcliffe LLP**
1000 Marsh Road
Menlo Park, CA   94025-1015

David E. Wang, Esq.
**Orrick, Herrington & Sutcliffe LLP**
4 Park Plaza, Suite 1600
Irvine, CA   92614-2558

F. David Foster, Esq.
James B. Altman, Esq.
**Miller & Chevalier Chartered**
655 Fifteenth Street, NW
Washington, DC   20005

Eric H. Findlay, Esq.
**Ramey & Flock, P.C.**
100 East Ferguson, Suite 500
Tyler, TX   75702

**CERTAIN PERSONAL COMPUTERS AND DIGITAL**     Investigation No. 337-TA-606
**DISPLAY DEVICES**

### PUBLIC MAILING LIST

Sherry Robinson
LEXIS-NEXIS
8891 Gander Creek Drive
Miamisburg, OH   45342

Kenneth Clair
Thomson West
1100 – 13th Street NW
Suite 200
Washington, DC   20005

**(PARTIES NEED NOT SERVE COPIES ON LEXIS OR WEST PUBLISHING)**
